ORIGINAL

FILED
APR 16 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

DONALD L. MARSHALL )
Plaintiff, )
v. )
THE UNITED STATES )
Defendant. )

No. 08-280 C

**COMPLAINT**

1. This action is a military pay case that seeks back pay, allowances, and other relief for the unlawful involuntary separation of the plaintiff from the United States Air Force based upon his twice failing selection for promotion.

**JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a). The statute mandating the payment of money is the Military Pay Act, 37 U.S.C. § 204. An action for money arises under the Military Pay Act when the decision not to promote the service member leads to the service member's compelled discharge. *Smith v. Sec'y of the Army*, 384 F.3d 1288, 1294-95 (Fed. Cir. 2004) (quoting *Sanders v. United States*, 594 F.2d 804, 810 (1979); *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc)). The final monetary value of the relief requested will ultimately be computed by the Defense Finance and Accounting Service. Plaintiff estimates the monetary value of the relief requested is an amount in excess of $90,000.00.

## PARTIES

3. Plaintiff is a former Captain in the United States Air Force who was involuntarily separated from the United States Air Force after he twice failed selection for promotion to the rank of major.

4. Defendant is the United States.

## FACTS

5. Plaintiff is a caucasian male who served on continuous active duty in the United States Air Force from May 6, 1984, until he was involuntarily separated on November 30, 1996.

6. At the time of his involuntary separation, plaintiff held the rank of captain.

7. Plaintiff's involuntary separation was due solely to the fact that he twice failed selection for promotion to the rank of major.

8. Plaintiff failed selection for promotion to the rank of major by the CY95 and CY96A Major Selection Boards.

9. The Secretary of the Air Force issued Memoranda of Instruction (MOI) to the board members of both the CY95 and CY96A Major Selection Boards that contained the following equal opportunity (EO) language:

> Your evaluation of minority and women officers must clearly afford them fair and equitable consideration. Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The board shall prepare for review by the Secretary and Chief of Staff, a report of minority and women officer selections as compared to the selection rates for all officers considered by the board.

10. In *Berkley v. United States*, 287 F.3d 1076 (Fed. Cir. 2002), officers of the United States Air Force, terminated pursuant to a 1993 Reduction in Force ("RIF"), complained that the MOI

governing their selection for involuntary termination required different treatment of officers based on race or gender, thereby violating the equal protection guarantee of the Fifth Amendment to the United States Constitution.

11. The EO language at issue in *Berkley* is identical to the language quoted in ¶ 9 and relied upon by the CY95 and CY96A Major Selection Boards who considered plaintiff's promotion to major.

12. In *Berkley*, The United States Court of Appeals for the Federal Circuit found that the challenged EO language included a racial and gender based classification that is subject to a strict scrutiny analysis in order to be constitutionally permissible.

13. 28 U.S.C. § 2501 requires filing a claim in this Court "within six years after such claim first accrues."

14. The United States Court of Appeals for the Federal Circuit issued its decision in *Berkley* on April 17, 2002.

15. Plaintiff's claim was filed within six years after the decision in *Berkley* was issued and is, therefore, timely filed in this Court.

16. Plaintiff submitted an application to the Air Force Board for the Correction of Military Records (AFBCMR) to correct his military records on September 10, 2007.

17. The AFBCMR application asserted that plaintiff, as a white male, was the victim of racial and gender discrimination commonly known as reverse discrimination. Plaintiff contended that the procedures used by the two promotion boards that considered him for selection to major were unconstitutional, and that these procedures prohibited the promotion boards from fairly considering him for promotion to major. Plaintiff requested that he be provided a special selection board (SSB) for promotion to major by the CY95 and CY96A boards and that the

challenged EO language not be utilized by the newly convened SSB's. Plaintiff also requested that the SSB's use the procedures approved by the Secretary of the Air Force in his Memorandum dated February 19, 2004, when considering officers for promotion due to racial/gender discrimination.

18. Plaintiff's application is still pending before the AFBCMR and awaiting a final decision.

19. Plaintiff does not object to a stay of proceedings in this Court until the AFBCMR has issued its decision on his application.

**COUNT ONE**

20. The allegations contained in paragraphs 1 through 19 are incorporated herein by reference.

21. Plaintiff has a right to equal protection of the laws under the Due Process Clause of the Fifth Amendment to the United States Constitution.

22. The EO language contained in instructions issued to the CY95 and CY96A Major Selection Boards created racial and gender classifications that required different treatment of officers based on their race or gender while being considered for promotion in the United States Air Force.

23. Defendant has no legitimate interest in either creating or maintaining racial and gender classifications when considering the promotion of Air Force Officers.

24. The racial and gender classifications utilized by the CY95 and CY96A Major Selection Boards violate the equal protection guarantee of the Fifth Amendment to the United States Constitution.

25. Because plaintiff was unlawfully denied promotion to the rank of major, his involuntary separation from the Air Force, based upon his failure of selection for promotion, was also unlawful.

## REQUEST FOR RELIEF

26. WHEREFORE, plaintiff prays that this Court:

a) Remedy his involuntary separation from the Air Force by removing his unlawful failure of selections from his military record and providing him SSB's that insure that he is fairly considered for promotion to major by the CY95 and CY96A Major Selection Boards as necessary;

b) Order that plaintiff be awarded back pay, allowances, and all other benefits to which he is entitled when his unlawful failure of selections are removed from his military record and to which he will be entitled if selected for promotion by an SSB, the exact sum of such back pay, allowances, and other benefits to be calculated by the Defense Finance and Accounting System.

c) Award plaintiff attorney fees and costs expended in pursuit of this claim; and

c) Provide any other appropriate relief deemed just and proper by this Court.

Respectfully submitted,

R Bednar

Richard A. Bednar
Law Office of Richard A. Bednar
12107 Park Shore Ct.
Woodbridge, VA 22192-2217
703-490-0000
703-991-0454 (fax)
Email: Rbednar@ArmedForcesLaw.com

April 16, 2008